## BOB VINCENT *v.* THE STATE.

THEFT — PRINCIPAL — ACCOMPLICE. — Defendant encouraged two boys to steal certain hogs, promising to pay a stated price for them. Subsequently the boys, without the defendant's presence or coöperation, stole the hogs designated by him, and delivered them at his pen. *Held,* that he was an accomplice in the theft, but not a principal offender.

APPEAL from the District Court of Tarrant. Tried below before the Hon. A. J. HOOD.

The opinion states the case. A term of four years in the penitentiary was assessed against the appellant.

No brief for the appellant.

*Thomas Ball,* Assistant Attorney-General, and *W. B. Dunham,* for the State.

WINKLER, J. Agreeably to the testimony, it seems that the defendant, being a butcher, and out of killing-hogs, hired two boys to procure some for him, and agreed to give them $2.50 apiece for all the good, fat ones they would get, and told them where he had seen some mighty nice ones, mentioning the butcher-pen of Tom Aston, the alleged owner of the hogs charged to have been stolen. Agreeably to the testimony of one of these boys, they went to Aston's pen that night, broke down the fence, and took out two large black hogs, and started with them to the defendant's pen. One of them got away, but they got the other one there all right. The next night the boys went again to Aston's pen and got three head, and put them in the defendant's pen. The witness who gives this testimony says he made a contract with the county attorney to turn "State's evidence,"

and the county attorney was to release him from prosecution, and he was to tell all the facts about the case; said he was nearly eighteen years old. The alleged owner testified to the loss of the hogs, but said he did not know whether they were missing at the same time or not.

This testimony tends to establish two distinct thefts by the boys, but we are of opinion it does not make the defendant a principal offender under the provisions of the Penal Code, arts. 74 and following to 78, inclusive, nor under the rulings of this court in *Welsh* v. *The State*, 3 Texas Ct. App. 413, and other cases following on the line of that case. In Welsh's case, he was held a principal on the ground that all who were engaged in the commission of the offence charged were actuated by a common intent to commit it, and were actually engaged in its perpetration. In the present case the proof of acting together and in pursuance of a common intent is wanting. We are of opinion, however, that the evidence shows that the defendant is clearly an accomplice, under art. 79, which is as follows: "An accomplice is one who is not present at the commission of an offence, but who, before the act is done, advises, commands, or encourages another to commit the offence, \* \* \* or who promises any reward, favor, or other inducement \* \* \* in order to procure the commission of the offence," etc.

The charge asked by the defendant was not correct law, nor applicable to the facts in evidence, and the court did not err in refusing to give it to the jury. We find no material error in the charge of the court prejudicial to the rights of the defendant; but, for the reason that the evidence establishes two distinct thefts, at two different times, if the testimony of the boy who participated in them is sufficiently corroborated, and because the evidence establishes that if the defendant is guilty at all, of which we have no sort of doubt from the proofs, he is guilty not as a principal, but as an accomplice, the judgment must be reversed and the case remanded.

*Reversed and remanded.*